RECEIVED

JUN 1 3 2011

Clerk's Office
United States District Court for the District of New Jersey

AT 8:30_____M
WILLIAM T. WALSH
CLERK

RE:     **Liberty Media Holdings v. Swarm of 11/16/2010 and Does 1-95**
        **Southern District of CA Docket # 11-cv-619 (BTM) (BLM)**
        **I.P. Address of the Doe Defendant:** 76.116.248.55

Dear Sir/Madam,

I am one of the defendants in the above referenced matter.  My IP address is 76.116.248.55.   Enclosed please find a motion to quash the subpoena and issue a protective order and a motion to proceed anonymously.

The Complaint was filed in California and the Subpoena was issued in New Jersey.  As a result there is no Docket number in New Jersey regarding this matter.

Please direct any correspondence to:

c/o:
Jennifer S. Coatsworth, Esq.
MARGOLIS EDELSTEIN
The Curtis Center, Ste. 400E
170 S. Independence Mall W.
Philadelphia, PA 19106-3337

Sincerely,

Doe Defendant
IP address 76.116.248.55

## MOTION TO QUASH THE SUBPOENA AND
## FOR LEAVE TO PROCEED ANONYMOUSLY

### INTRODUCTION

Defendant Doe[1] (hereinafter "Doe") makes this limited appearance before this Court for the sole purpose of respectfully requesting that the Court quash the subpoena issued to the Internet Service Provider ("ISP") and allow Doe to proceed anonymously.

Preliminarily, it should be noted that the Complaint was filed in California and the Subpoena was issued in New Jersey. However there is no Docket number in New Jersey yet regarding this matter.

Doe recently received notice from the ISP that it had been served with a subpoena (the "Subpoena") by Plaintiff in connection with the underlying litigation currently pending in United States District Court for the Southern District of California (the "Litigation"). At that time, Doe was informed for the first time that, as the owner of a given IP address, he is currently identified as a defendant in the Litigation. Doe understands that the purpose of the subpoena is to require the ISP to provide Plaintiff with Doe's name and contact information, so that Plaintiff will then be able to substitute Doe's true name in the Litigation. Concurrent with the instant Motion, Doe has also moved the court handling the Litigation to dismiss the allegations against him, as well as to allow him to proceed anonymously. There are serious questions about the jurisdiction, merits, and propriety of the underlying litigation, and those serious questions are currently being considered by that court based on Doe's motion to dismiss. For this court's reference, Doe will briefly set forth those issues here. Until those questions are resolved, Plaintiffs should not be allowed to use this forum to seek discovery. Thus, Doe respectfully urges this Court to quash the Subpoena in order to allow Doe the opportunity to move to dismiss the underlying litigation while continuing to preserve his anonymity.

A brief overview of the deficiencies in the Litigation illustrates that the Subpoena is improper in its effort to seek discovery in support of a litigation that violates the most fundamental principles of federal jurisdiction and civil procedure.

In the Litigation, Plaintiff filed a single complaint against 95 defendants, identified simply as Does 1-95. The Complaint alleges that each defendant committed a similar legal violation of copyright infringement by downloading a movie from the Internet; however, the Complaint admits that the Defendants engaged in this conduct separately, independently, at different times, and in different locations. The Defendants are identified only by the IP addresses associated with the computers which allegedly downloaded the information. The

---

[1] Defendant has not received any copies of the papers filed in the underlying litigation and therefore does not know which number "Doe" he is in that litigation. These documents will refer to the undersigned Defendant as Doe.

Complaint alleges that the owners of the accounts associated with those IP addresses committed the copyright infringement – even though Plaintiffs have no basis for asserting whether the owner or some other authorized or unauthorized user of the computer or computer network committed the violation. Based on this critical – and baseless – assumption, Plaintiffs now seek to learn the identities of the owners of the IP addresses by issuing subpoenas to internet service providers ("ISPs") requiring those ISPs to disclose the names of the owners of those IP addresses.

As the arguments set forth herein demonstrate, the Litigation is a predatory mass litigation in which Plaintiff has taken unconstitutional shortcuts in violation of the most fundamental principles of the federal courts' procedural safeguards.   Accordingly, Doe respectfully requests that the Court dismiss Doe from the Litigation, or at the very least, quash the subpoena against the ISP or issue a protective order.

**I.     The Court Should Allow John Doe to Proceed Anonymously**

As an initial matter, Doe respectfully requests that he be permitted to proceed anonymously in filing this motion. The only way for defendant John Doe to protect his rights by way of these motions without identifying himself by name is to proceed anonymously.  See 2TheMart.com, 140 F.Supp.2d at 1095-98; Best Western Int'l Inc. v. Doe, No. CV-06-1537, 2006 WL 2091695 at *5 (D. Ariz. July 25, 2006).  Proceeding anonymously is the only method of not rendering moot these proceedings by disclosing the very same information which Plaintiff seeks to obtain through its improper subpoena.  In other words, quashing the subpoena while requiring defendant John Doe to proceed in his own name would entirely defeat the purpose of the motion to quash.  Accordingly, Doe respectfully requests that the Court permit him to proceed anonymously.

**II.     The Complaint is Defective Because the Court Does Not Have Personal Jurisdiction over the Defendant**

The Subpoena is issued in connection with a litigation pending in a district which is completely lacking in jurisdiction over Doe. Therefore, Doe respectfully requests that this Court quash the Subpoena both because of the defects in the underlying litigation on which it is based and also in order to give Doe an opportunity to move to dismiss prior to commencing the discovery process. As previously stated, Doe first received notice that he is a putative defendant in this case when the ISP informed him of the pending Subpoena.  Doe understands that this Subpoena has been issued through a preliminary or expedited discovery process. However, the Complaint has fundamental deficiencies which Doe is in the process of attacking through a Motion to Dismiss in the court handling the Litigation.

First, it is clear that the court does not have personal jurisdiction over Defendant Doe, and Plaintiff has failed to meet its burden of establishing that such jurisdiction exists. Generally, the law recognizes that a plaintiff can sue a defendant only in a jurisdiction with which the

defendant has a connection, and the plaintiff bears the burden of proving that a constitutionally-sufficient connection exists. This requirement "gives [ ] a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Plaintiff has not met this burden in its complaint. The complaint asserts a single piece of identifying information about Doe: his IP address. Nonetheless, upon minimal investigation, this single piece of information is sufficient to establish that personal jurisdiction over Doe does not exist in this state. Armed with an IP address, identifying the home state of Doe is very easy. There are numerous publically available websites where any member of the public, including Plaintiff, can conduct a search based on an IP address and produce results identifying the general location of the user, including city and state. For example, a quick search of Doe's IP address on www.ip2location.com reveals that the IP address associated with Doe's computer is physically located in Pennsylvania. Thus, Doe's IP address – the only identifying feature of Doe asserted in the Complaint – establishes that Doe does not reside in this District.

Moreover, Plaintiff fails to identify any other purported contacts that Doe may have with this District, let alone contacts sufficient to satisfy the constitutional minimum contacts threshold. Importantly, there is no such thing as generalized Internet jurisdiction. Plaintiff appears to suggest that Internet users may be haled into court anywhere their ISP has other customers, and thus (arguably), has significant contacts. This approach runs directly counter to well-settled constitutional principles and prevailing case law. In GTE New Media Services Inc. v. BellSouth Corp., the Court of Appeals for the D.C. Circuit rejected just such an expansive theory of jurisdiction. 199 F.3d 1343 (D.C. Cir. 2000). In that case, plaintiffs asserted that the court had jurisdiction over foreign commercial defendants for the additional reason that they had "entered into an agreement outside of the District with an eye toward attracting Internet users in the District to their websites . . . and thereby draw advertisers away from [plaintiff]." Id. at 1349. The court observed that there was no evidence of financial harm to the plaintiff in the District and squarely rejected the notion that the ability of a D.C. resident to access and use a website was sufficient to establish personal jurisdiction over the operator of the website. Id. Thus, the fact that the ISP may provides service in the district where the Litigation is pending cannot be the basis for suing its foreign customers, such as Doe, there.

Generally, a defendant may be haled into court only in a jurisdiction with which that defendant has some sort of connection. For example, the D.C. Circuit has found jurisdiction where, unlike here, commercial defendants served customers within the district. In Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 511-13 (D.C. Cir. 2002), the court had jurisdiction over defendant brokerage firm where D.C. residents could open brokerage accounts online and use them to buy and sell securities, transmit funds, borrow and pay commissions and interest.

Thus, the court noted, "[a]s a result of their electronic interactions, Ameritrade and its District of Columbia customers enter into binding contracts, the customers become owners of valuable securities, and Ameritrade obtains valuable revenue." Id. at 512-13. In this case, however, defendant Doe is a private individual who has not engaged in any conduct whatsoever directed toward this forum.

The allegations against Doe in this case do not include claims of commercial interaction with anyone in the relevant jurisdiction or any other actions to direct his conduct to that jurisdiction. Instead, Plaintiff simply alleges that Doe (and the other defendants in this case) used a generally-available software program to upload and download bits of copyrighted material via the Internet, just as any passive website owner or participant in a message board discussion might upload and download to and from the Internet.

In short, requiring Pennsylvania resident Doe to litigate in a foreign district creates exactly the sort of hardship that the personal jurisdiction requirements exist to prevent. It requires Doe to hire an attorney from a foreign district in which Doe has no contacts. The cost of hiring an attorney even just to defend a defendant's identity (let alone the merits of the case) is likely more than the cost of settlement, and possibly even more than the cost of judgment if Doe was found liable for the alleged violation. It is clear that not only did Plaintiff improperly sue Doe in this District, but also brought suit against hundreds of other defendants in an apparent effort to force all defendants to incur the expense and burden of defending themselves in a foreign District, or forcing them to settle in order to avoid that expense.

It is clear that such a fundamental flaw in Plaintiff's Complaint will require dismissal. Therefore, Doe respectfully requests that this Court quash the subpoena that is based on such a defective complaint, and to allow Doe the opportunity to make these arguments before the court where the action is pending.

### III.    The Underlying Action is Improper Because Plaintiff Has Improperly Joined the Defendants Based on Separate and Different Alleged Acts

Doe is also arguing before the court handling the Litigation that the claims against Doe should be dismissed because they Plaintiff has improperly joined Doe and numerous other defendants together in this lawsuit in clear violation of Rule 20. Rule 20 permits joinder of defendants when a two pronged test is met: (1) any right to relief is asserted against defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. At most, Plaintiffs here allege a single common question of law in that defendants are alleged to have committed similar copyright violations. However, Plaintiffs have not, and cannot, allege that any right to relief is asserted jointly or severally, or that the violations arise out of the same series of transactions, or

that the first prong is satisfied in any manner whatsoever. Accordingly, the allegations in the Complaint are plainly insufficient to satisfy the Rule 20 standard, rendering the Complaint improper on this separate ground.

Mass joinder of individuals has been roundly rejected by courts in similar cases. As a court explained in one such case, even the purported factual and legal similarities in such cases are insufficient to satisfy the second prong of the Rule 20 test:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Similarly, in LaFace Records, LLC v. Does 1-38, the court ordered severance of a lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same alleged violation of the law in exactly the same way. No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008). Despite these similarities, the court found that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." Id. This result is clear based on the two-pronged standard of Rule 20, and applies even more strongly here where the second prong – similar questions of fact and law – is much weaker than in LaFace, and the first prong is similarly unsatisfied.

In fact, the improper joinder is so strong in these cases that one court *sua sponte* severed multiple defendants in an action where the only alleged connection between them was the allegation they used the same ISP to conduct copyright infringement. BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006). See also Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate *sua sponte* recommended severance of multiple defendants in action where only connection between them was alleged use of same ISP and P2P network to engage in copyright infringement); BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, In re Cases Filed by Recording Companies, filed in Fonovisa, Inc. et al. v. Does 1-41 (No. A-04-CA-550 LY), Atlantic Recording Corporation, et al. v. Does 1-151 (No. A-04-

CA-636 SS), Elektra Entertainment Group, Inc. et al. v. Does 1-11 (No. A-04-CA-703 LY); and UMG Recordings, Inc., et al. v. Does 1-51 (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004) (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, Twentieth Century Fox Film Corp., et al., v. Does 1-12, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Thus, Plaintiff's allegations that Defendants committed similar legal violations based on similar downloading conduct is insufficient to satisfy the "common questions of law or fact" standard of Rule 20's second prong. Moreover, it is undisputed that Plaintiff has not alleged and cannot satisfy the joint and several liability or same transaction requirements of Rule 20's first prong. Therefore, joinder is clearly improper in this case and Doe will move the court to sever the claims against each defendant, dismissing the claims against Doe (and other improperly joined defendants) without prejudice. Fed. R. Civ. P. 21. In the meantime, Doe respectfully urges this Court to quash the Subpoena in order to give Doe the opportunity to raise these arguments in the Litigation.

## IV.    For the Foregoing Reasons, Doe Moves this Court to Quash the Subpoena

Although courts have not, as a general matter, recognized an individual's right to quash a subpoena issued to another party, courts have found that, in some cases, movants who are not the subpoena recipients have sufficient standing based on "the nature of the information sought." See First Indem. of Am. Ins. Co. v. Shinas, No. 03 Civ. 6634, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). Here, even though the subpoena is not issued to Doe, the information sought is Doe's personal information, and he clearly has an interest in that information sufficient to confer standing here.

Courts have previously held that standing may be found when the movant, though not the subpoena recipient, asserts a "claim of privilege," Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2nd Cir. 1975); "has a sufficient privacy interest in the confidentiality of the records sought," ADL, LLC v. Tirakian, No. CV 2006-5076(SJF)(MDG), 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007); or seeks to protect "a proprietary interest in the subpoenaed matter," United States v. Nachamie, 91 F.Supp.2d 552, 558 (S.D.N.Y.2000). See also Ariaz-Zeballos v. Tan, No. 06 Civ. 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (standing found to quash subpoena issued to non-party banks based on movant's "privacy interest in [his] financial affairs") (citations omitted); Ungar v. Palestinian Auth., 400 F.Supp.2d 541, 553 (S.D.N.Y.2005) (standing to quash subpoena where there was an "excessive number of documents requested, the unlikelihood of obtaining relevant information, and the existence of attorney-client privilege for all documents").

Under Federal Rule of Civil Procedure 45(c)(3), a court may quash or modify a subpoena in its discretion, including where the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed.R.Civ.P. 45(c)(3)(iii).

It is clear that this mass litigation, including the Subpoena, are pursued solely for the purpose of harassing defendants and forcing them to settle in order to avoid the burden and expense of litigating in a foreign court. In order to allow the court overseeing the Litigation an opportunity to rule on Doe's motion to dismiss, and based on the fundamental defects in the underlying litigation, this Court should quash the Subpoena in order to protect Doe from having his identity revealed to plaintiffs so that they may pursue their predatory scheme against him.

Respectfully Submitted,

John Doe, IP Address 76.116.248.55

Dated: June 9, 2011

## CERTIFICATION OF SERVICE

I hereby certify that one copy of the within motion papers was sent on this date by first

class mail to the United States District Court for the District of New Jersey:

United States Courthouse
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

I further certify that one copy of same was sent by first class mail on this date to:

Marc Randazza
3969 Fourth Ave.
Suite 204
San Diego, CA 92103

John Doe, IP Address 76.116.248.55

By: _____

IP Address 76.116.248.55

Dated: June 10, 2011

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey ⬤

Liberty Media Holdings, LLC

|  |
|---|
| *Plaintiff* |
| SWARM OF 11/16/2010 SHARING HASH FILE A3E6F65F2E3D672400A5908F64ED55B66A0880B8; AND DOES 1 through 95 |
| *Defendant* |

Civil Action No. 11-CV_619-BTM-BLM

(If the action is pending in another district, state where:

Southern District of California ⬤ )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable, Attn: Legal Response Center
650 Centerton Rd., Moorestown, NJ 08057
colin_padgett@cable.comcast.com, Lena_Demaio@cable.comcast.com

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Any and all information, documents, and/or customer records sufficient to personally identify the user(s) of the IP addresses on the corresponding dates and times as listed in Attachment A hereto

| Place:302 Washington Street, Suite 321 San Diego, CA 92103 or by email to MJR@randazza.com | Date and Time: 6/3/11 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 4/29/11

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                    Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Liberty Media Holdings
, who issues or requests this subpoena, are:

Marc Randazza
3969 Fourth Ave., Suite 204, San Diego, CA 92103
888-667-1113, 305-437-7662 (fax)
MJR@randazza.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-CV_619-BTM-BLM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Comcast

was received by me on *(date)* 4/29/11 .

☐ I served the subpoena by delivering a copy to the named person as follows: via email to.

colin_padgett@cable.comcast.com, Lena_Demaio@cable.comcast.com

on *(date)* 4/29/11 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 0 .

My fees are $ 0 for travel and $ 0 for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: 4/29/11

_____
*Server's signature*

Eric Gapp, Paralegal
*Printed name and title*

302 Washington Street, Suite 321
San Diego, CA 92103

_____
*Server's address*

Additional information regarding attempted service, etc: